IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| WORKING GIRLS DESIGN, INC. § | |
| § | |
| Plaintiff, § | No. 3:14-cv-159 |
| § | |
| v. § | |
| § | |
| EVERGREEN ENTERPRISES, INC. § | |
| § | |
| Defendant. § | |
| § | |

JOINT RULE 26(F) DISCOVERY REPORT AND PLAN

On June 6, 2014, counsel for plaintiff Working Girls Design, Inc. and counsel for defendant Evergreen Enterprises, Inc. conferred in accordance with Rule 26(f) of the Federal Rules of Civil Procedure. All items required to be discussed by Rule 26(f) were discussed. The parties agreed that no other orders are necessary under Rules 26(c), 16(b), or 16(c) at this time. The parties are prepared to report orally on this Report and Plan at the Initial Pretrial Conference.

The parties submit the following Rule 26(f) Discovery Report and Plan:

1.  <u>Statement of Claims and Defenses</u>: Counsel discussed the nature and basis of their claims and defenses.

    (a) <u>Plaintiff</u>: Contends that Defendant had access to Plaintiff's artwork, discussed with Plaintiff possibly licensing the artwork, decided against licensing the artwork, and then manufactured and distributed to major retailers multiple products bearing artwork identical or virtually identical to Plaintiff's artwork. Plaintiff contends Defendant's use infringed Plaintiff's rights under copyright, trademark, and unfair competition law.

    (b) <u>Defendant</u>: Denies the products that are the subject of Plaintiff's complaint infringe any of Plaintiff's rights in any way.

2.     <u>Protective Order</u>: Pursuant to Fed. R. Civ. P. 26(c)(1)(G), the parties shall submit a stipulated protective order to facilitate production of the material the parties designate as "confidential."

3.     <u>Settlement</u>: Counsel discussed the possibilities for prompt settlement and resolution of the case. Defendant served on Plaintiff an Offer of Judgment (Offer 1) and also an Amended Offer of Judgment (Offer 1A). Plaintiff filed notice with the Court of its acceptance of Offer 1, and the parties disagree whether Offer 1 or Offer 1A defines the terms of the Defendant's Offer of Judgment.

4.     <u>Initial Disclosures</u>: Counsel agreed there is no need to modify the timing, form, or requirement for disclosures under Rule 26(a) and agreed to make the initial disclosures required by Rule 26(a)(1) on or before June 20, 2014. Given the current status of potential settlement neither party has served initial disclosures. If Plaintiff's infringement claims are not mooted by the Court's ruling on Defendant's pending Motion to Strike, the parties will exchange initial disclosures within ten days of such order.

5.     <u>Discovery Plan</u>: Counsel agreed that the subjects on which discovery may be needed include, but are not necessarily limited to, the claims asserted in the complaint and the defenses asserted in the answer to the complaint. The parties agreed to complete discovery in accordance with the Court's Scheduling Order and that there is no need for discovery to be conducted in phases.

6. <u>Preservation of Discoverable Information</u>: The parties represent that appropriate litigation holds have been put into effect to preserve potentially relevant documents and electronically stored information in their possession, custody or control.

7. <u>Production of Electronically Stored Information</u>: The parties will provide any electronically stored information that is in their possession and not privileged, and which they may use to support their claims or defenses, with their initial disclosures or in response to discovery requests. The parties agree that such information will be provided in PDF format (or another mutually agreeable searchable format), and organized in normal business manner.

8. <u>Issues about claims of privilege or protection of trial preparation materials</u>: The parties anticipate they may dispute the substance and admissibility of certain statements that allegedly were made by an agent of Defendant prior to the filing of the lawsuit.

9. <u>Discovery Limitations</u>: The parties do not believe that any changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules of the Eastern District of Virginia.

Respectfully submitted,

| /s/ | |
|---|---|
| Ian D. Titley (VSB #27531) | Charles M. Allen (VSB #30183) |
| Schroder Fidlow, PLC | William F. Demarest III (VSB #78428) |
| 1901 E. Franklin Street, Suite 107 | Goodman, Allen & Filetti, PLLC |
| Richmond, Virginia 23223 | 4501 Highwoods Parkway, Suite 210 |
| Telephone: (804) 364-0405 | Glen Allen, Virginia 23060 |
| Facsimile: (800) 906-7542 | 804-346-0600 |
| idt@schroderfidlow.com | 804-346-5954 (Facsimile) |
| *Counsel for Plaintiff* | callen@goodmanallen.com |
| | wdemarest@goodmanallen.com |
| | *Counsel for Defendant* |

## CERTIFICATE OF SERVICE

      I hereby certify that on 25th day of June, 2014, I served a copy of the foregoing paper by forwarding it by pdf attachment by email and by first class mail, postage prepaid, to the following:

Charles M. Allen (VSB #30183)
William F. Demarest III (VSB #78428)
Goodman, Allen & Filetti, PLLC
4501 Highwoods Parkway, Suite 210
Glen Allen, Virginia 23060
callen@goodmanallen.com
wdemarest@goodmanallen.com

                                              _____/s/_____
                                              Ian D. Titley, Esquire (VSB #27531)
                                              Schroder Fidlow, PLC
                                              1901 E. Franklin Street, Suite 107
                                              Richmond, Virginia 23223
                                              Telephone: (804) 364-0405
                                              Facsimile: (800) 906-7542
                                              idt@schroderfidlow.com
                                              Counsel for Plaintiff