IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



WORKING GIRLS DESIGN, INC.,

    Plaintiff,

v.

    Civil Action No. 3:14-CV-159

EVERGREEN ENTERPRISES, INC.,

    Defendant.

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Evergreen Enterprises, Inc.'s ("Evergreen") Motion to Strike Conditional/Qualified Acceptance of Offer of Judgment (ECF No. 13). For the reasons below, the Court will GRANT the Motion to Strike. Plaintiff Working Girls Design, Inc.'s ("Working Girls") Motion for Attorneys' Fees (ECF No. 11) will be DENIED AS MOOT.

### I. BACKGROUND

One March 11, 2014, Working Girls filed an eight-count Complaint alleging copyright and trademark infringement, and unfair competition under 15 U.S.C. § 1125(a). Working Girls requested declaratory judgment, a permanent injunction, statutory damages, actual damages, treble damages, statutory attorneys' fees, and further relief as the Court deems just and proper.

On May 29, 2014, Evergreen offered to allow judgment to be taken against it in the amount of $100,000.00 on all claims inclusive of all claimed amounts excepting only costs now accrued ("Offer"). On June 6, 2014, counsel for the parties conferred as required by Federal Rule of Civil Procedure 26(f). In discussing the potential for settlement, counsel for Evergreen expressed that the amount offered under the Offer was sufficient to cover Plaintiff's damages and its attorneys' fees and otherwise expressed that the Offer amount included attorney's fees. Plaintiff's counsel did not offer a contrary view of the Offer. On June 9, 2014, counsel for Plaintiff communicated with Evergreen's counsel requesting a payment of $200,000 plus attorney's fees.

1

On June 11, counsel for Evergreen served an Amended Offer of Judgment upon the Plaintiff, which stated that Evergreen included attorneys' fees in the $100,000 that was offered under the original Offer. The same day Plaintiff's counsel confirmed that Evergreen's counsel had expressed that the Offer amount included attorney's fees. He wrote, "Yes at our meeting you mentioned that you felt attorney's fees were included in the original offer, which was different from my reading of the May 29th Offer of Judgment." (Decl. of C. Allen, ¶ 6). On June 12, 2014, Working Girls filed a Notice of Acceptance with Offer of Judgment ("Notice"). The same day, Working Girls concurrently filed a Motion for Attorneys' Fees and Costs.

## II. ANALYSIS

Federal Rule of Civil Procedure 68 states, in relevant part, that

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment

Fed. R. Civ. P. 68(a). Essentially, the view is that the party accepting an offer of judgment is considered the "prevailing party" such that an award of costs is appropriate under Federal Rule of Civil Procedure 54(d)(1). *See* Fed. R. Civ. P. 54(d)(1) ("[C]osts--other than attorneys' fees--should be allowed to the prevailing party ...").

In *Bosley v. Mineral County Commission*, an offeror challenged a district court's assessment of costs pursuant to a Rule 68 Offer. 650 F.3d 408, 409-11 (4th Cir. 2011). The offeror challenged the validity of an offer for three reasons: "(1) the award of attorneys' fees and costs was part of the substantive relief sought against them by the amended complaint, and the offer of judgment unambiguously indicated that it covered all claims contained in the complaint ('as full and complete satisfaction of [the] claim'); (2) refusal so to interpret the offer of judgment will denigrate the aims of Rule 68; and (3) principles of equity." *Id.* at 412. The Fourth Circuit held that "[e]vidence extrinsic to the offer's terms should not be considered." *Id.* at 414 (citing

2

*Chambers v. Manning*, 169 F.R.D. 5, 8 (D. Conn. 1996)) (citing cases); *see also Clark v. Sims*, 28 F.3d 420, 424 (4th Cir. 1994) (recognizing that settlement discussions do not constitute an offer of judgment). The Fourth Circuit also stated that ambiguities in an offer are to be resolved against the offeror. *Bosley*, 650 F.3d at 414.

Courts have consistently rejected attempts to qualify or revoke accepted offers. *See id.* However, preacceptance clarification of an ambiguous Rule 68 offer is desirable in some cases because it serves the offeror's and the court's interests. *Radecki v. Amoco Oil Co.*, 858 F.2d 397, 402-03 (8th Cir. 1988). Specifically, the offeror will be more certain of potential liability and the Court will not be called on to interpret ambiguous offers. *Id.*; *see also Hefter & Carroll v. Abraham*, No. 07 C 4137, 2007 WL 3334349, at *3 (N.D. Ill. Nov. 8, 2007) (holding that a plaintiff may clarify the terms of an offer before making a decision without running the risk of prematurely or inadvertently rejecting the offer).

Evergreen's Offer proposed a judgment amount of $100,000.00 "excepting only costs accrued." However, this case differs from the facts outlined in *Bosley* because, prior to Working Girls's acceptance of the Offer, Evergreen notified Working Girls that its intent was to extend an offer of $100,000 inclusive of attorneys' fees. Thus, Working Girls knew that the Offer was ambiguous and/or contrary to the intent of Evergreen and there was no agreement. Therefore, the Notice of Acceptance (ECF No. 10) will be struck and the case will go forward.

### III. CONCLUSION

For the above reasons, the Court will GRANT the Motion to Strike. Working Girls's Motion for Attorneys' Fees will be DENIED AS MOOT.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record. An appropriate Order shall issue.

ENTERED this 18th day of July 2014.

/s/
James R. Spencer
Senior U. S. District Judge